Filed 1/11/21  P. v. Vice CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091281 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE014904) |
| v. | |
| HERBERT CLARENCE VICE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Herbert Clarence Vice has filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the entire record, we modify the judgment and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On August 17, 2019, police dispatched to a "family fight" found defendant's wife in a "distress[ed]" state and bleeding from several injuries on her face.  She told police that defendant struck her in the face.

1

Defendant's wife's teenage grandson was present and told police that he saw defendant strike his grandmother's face at least three times. A fireman who responded to the scene testified that the victim told him that "her husband" "struck [her] several times."

At trial, defendant's wife testified that while she and defendant were arguing, she lost her balance and hit her head on furniture. She insisted defendant "didn't put one hand on [her], if that's what the cops [were] saying." The victim's grandson testified that he loved defendant, had "a hard time remembering things," did not remember defendant punching his grandmother, and did not remember telling police that defendant struck his grandmother.

A November 2019 amended information alleged defendant inflicted corporal injury upon his spouse resulting in a traumatic condition. (Pen. Code, § 273.5, subd. (a).)[1] The information also alleged that appellant had two prior strike convictions. (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1).)

In December 2019, a jury found defendant guilty as charged. The trial court found true the prior conviction allegations (defendant having waived his right to a jury trial on the prior convictions).

At a January 2020 sentencing hearing, the trial court denied defendant's motion, pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, to strike his two prior strike convictions, explaining that defendant fell "well within the spirit of the Three Strikes scheme," as defendant "ha[d] engaged in nearly constant criminality from 1989 through 2001, most of it violent," and "the absence of convictions from 2001 to 2018" was explained by a lengthy confinement for a 2001 conviction.

---

[1] Undesignated statutory references are to the Penal Code.

Under oath, defendant addressed the trial court directly, insisting he was innocent of the charge.

The trial court concluded the upper term of eight years (four years doubled for the strike) was appropriate in light of, inter alia, defendant's "history of prior convictions for serious or violent felonies" and failure to "acknowledge culpability or demonstrate any remorse."

The trial court calculated 292 days of credit and ordered defendant to pay a mandatory minimum restitution fine of $300 (§ 1202.4), a stayed parole revocation fine of $300 (§ 1202.45), a $30 court facility fee (Gov. Code, § 70373), and a $20 court operations assessment (§ 1465.8).

Defendant timely appealed.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.

However, we will correct an unauthorized aspect of defendant's sentence. (See *People v. Rivera* (2019) 7 Cal.5th 306, 348-349.)

The trial court's imposition of $20, rather than $40, pursuant to section 1465.8, was unauthorized. Accordingly, we modify the section 1465.8 assessment to $40. Because the abstract of judgment states the correct amount, it need not be amended.

## DISPOSITION

The sentence is modified to reflect a court operations assessment of $40.  In all other respects, the judgment is affirmed.

_____/s/_____
BLEASE, Acting P. J.

We concur:

_____/s/_____
HULL, J.

_____/s/_____
RENNER, J.